IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Karen Menton, ) | |
| ) | Civil Action No. 7:14-2542-JMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Nestle Frozen Food Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

       This matter is before the court on the defendant's motion to dismiss the plaintiff's first, second, and third causes of action of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and submit findings and recommendations to the district court.

## PROCEDURAL HISTORY

       The plaintiff filed this action against her former employer on May 21, 2014, in the Court of Common Pleas of Cherokee County, South Carolina. The defendant removed the matter to this court on June 23, 2014. The plaintiff's original complaint alleged causes of action for gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended; retaliation in violation of Title VII; wrongful termination; breach of contract; and intentional infliction of emotional distress. On June 27, 2014, the defendant filed a motion to dismiss the Title VII and state law wrongful termination causes of action pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Thereafter, on July 16, 2014, the plaintiff filed an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). Consequently, on July 17, 2014, the undersigned filed a report and recommendation, recommending the defendant's motion to dismiss (doc. 6) be denied as moot, and the

Honorable J. Michelle Childs, United States District Judge, accepted this recommendation on January 22, 2015 (doc. 23).

On August 4, 2014, the defendant filed a motion to dismiss the amended complaint's first and second causes of action, which allege Title VII gender discrimination and retaliation, and the third cause of action, which alleges wrongful termination in violation of state law. On August 21, 2014, the plaintiff filed her response to the motion to dismiss (doc. 19), and the defendant filed its reply on September 2, 2014 (doc. 20).

## **FACTS PRESENTED**

In the underlying charge of discrimination filed by the plaintiff with the South Carolina Human Affairs Commission ("SCHAC"), the plaintiff alleged that she was "involuntarily transferred on or about January 9, 2013 from 3rd shift to 2nd shift" and was later denied a transfer back to third shift "while Male employees were not subjected to the same treatment." The plaintiff further alleged that the defendant discriminated against her by disciplining her on March 15, 2013, and that male employees were not subjected to the same discipline. Finally, the plaintiff claimed that the defendant retaliated against her by terminating her employment after she complained to management about discriminatory treatment (doc. 16-2, charge).

In her amended complaint, the plaintiff alleges that she was an employee of the defendant for approximately fourteen years. She worked in the Quality Assurance Department and claims she was only allowed to work in the higher-paying Incoming Goods Department on a rotating basis. However, male employees were promoted into that department on a full-time basis despite the plaintiff being a more productive employee than those promoted. She claims that the defendant told her that a full-time position in the Quality Assurance Department was frozen (amend. comp. ¶¶ 6-8, 17-19). She further claims that she was denied a full-time third shift position, while male employees were given such positions (*id.* ¶ 9). She claims that when she complained "about supervisors showing other employees favoritism and preferential treatment," her supervisor "became disrespectful to her (*id.* ¶¶ 10-11). She further claims that her supervisor gave her a

disciplinary warning about her work, when she had not caused the problem, and the supervisor refused to listen to her. She claims male employees "were not treated this way" (*id.* ¶¶ 12-13). The plaintiff alleges that she requested to be moved to another shift due to the tension between herself, her supervisor, and the favored employees. She was told there were no open positions when positions were available (*id.* ¶¶ 14-15). The plaintiff claims she was terminated in retaliation for her complaints and that after her termination, the Quality Assurance position was unfrozen and filled (*id.* ¶¶ 20-21).

## APPLICABLE LAW AND ANALYSIS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the court lacks subject-matter jurisdiction. Generally, the burden of proving subject-matter jurisdiction is on the plaintiff, the party asserting jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir.1991). In determining whether it has jurisdiction, the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The motion to dismiss should be granted only if the "material jurisdictional facts are not in dispute" and the "moving party is entitled to prevail as a matter of law." *Id*.

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Rule 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 569). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

The court may consider a plaintiff's charge of discrimination in ruling on a motion to dismiss. *See Williams v. 1199 Seiu United Healthcare Workers East*, C.A. No. 12–72, 2012 WL 2923164, at * 1 n.1 (D. Md. July 17, 2012) ("In the employment context, a court may consider an EEOC charge and other EEOC documentation [when considering a motion to dismiss] because such documents are integral to the complaint as Plaintiff necessarily relies on these documents to satisfy the time limit requirements of the statutory scheme.") (citing *Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565-66 (2d Cir. 2006)).

***Title VII***

The defendant first argues that the plaintiff's Title VII claims should be dismissed because the allegations contained in the amended complaint exceed the scope of the allegations set forth in the plaintiff's charge of discrimination. "Before filing suit under Title VII, a plaintiff must exhaust [her] administrative remedies by bringing a charge with the EEOC." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); *see also* 42 U.S.C. § 2000e–5(f)(1). Exhaustion of administrative remedies is a statutory prerequisite to properly invoke the jurisdiction of the federal court. *See, e.g., Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir.2009) (stating that "a failure by the plaintiff to exhaust

4

administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim") (citation omitted).

In the employment discrimination context, courts have interpreted statutory requirements to exhaust administrative remedies to mean that each discrete incident of discriminatory treatment must be administratively exhausted. *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002)). The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint. *King v. Seaboard Coast Line R.R.*, 538 F.2d 581, 583 (4th Cir.1976) (stating that a subsequent civil suit "may encompass only the 'discrimination stated in the [EEOC] charge itself or developed in the course of a reasonable investigation of that charge' ") (quoting *Equal Employment Opportunity Comm'n v. Gen. Elec. Co.*, 532 F.2d 359, 365 (4th Cir.1976)); *see also Smith*, 202 F.3d at 247 ("A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit."). Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir.1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of her original EEOC charge and were therefore time barred). However, because lawyers do not typically complete the administrative charges, courts construe them liberally. *Chacko v. Patuxent Inst*., 429 F.3d 505, 509 (4th Cir. 2005).

The defendant argues that the court lacks jurisdiction over the plaintiff's claim that the defendant failed to promote her because it exceeds the scope of the allegations in her charge of discrimination and could not reasonably have been discovered by the SCHAC in its investigation of the charge. As set forth above, the plaintiff alleged in the charge of discrimination that she was "involuntarily transferred" from third shift to second shift, she was later denied a transfer back to third shift, and males were not subjected to this treatment (*see* doc. 16-2, SCHAC charge). The plaintiff argues that while she did not

use the words "promotion" or "higher-paying" in her charge, the reasonable investigation of the allegations by SCHAC would have revealed that her desired third shift position (as alleged in the charge) would have come with a pay increase and would have been a promotion (as alleged in the amended complaint). The undersigned agrees. "[I]f the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." *Chacko*, 429 F.3d at 509 (citations omitted). Moreover, "so long as 'a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation,' she 'may advance such claims in her subsequent civil suit.'" *Sydnor v. Fairfax County, Va.*, 681 F.3d 591, 594 (4th Cir. 2012) (quoting *Smith*, 202 F.3d at 247).

Similarly, the defendant argues that the court lacks jurisdiction over the plaintiff's claim that the defendant retaliated against her for complaining about the denial of promotional opportunities because it exceeds the scope of the allegations in her charge. The plaintiff alleged in the charge of discrimination that she "filed a complaint with Human Resources" after the involuntary shift transfer and after being disciplined and that she believed she "was retaliated against for my complaints to management for discriminatory treatment" (*see* doc. 16-2, SCHAC charge). The defendant argues that the allegation in her complaint that she complained that males with less seniority were promoted over her (doc. 8, amend. comp. ¶ 17) exceeds the scope of her charge. The defendant contends that the allegations in the plaintiff's amended complaint are "altogether different" from those in her charge (doc. 20 at 4). Again, the undersigned finds that the allegations in the charge were such that the plaintiff's complaints about allegedly discriminatory denial of promotion would be expected to follow from a reasonable administrative investigation. Accordingly, it is recommended that the defendant's motion to dismiss the first and second causes of action be denied.

***Wrongful Discharge***

The defendant argues that the wrongful termination claim should be dismissed because the plaintiff's exclusive remedy for the conduct that forms the basis of the claim is Title VII. The undersigned agrees. In *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213 (S.C.1985), the South Carolina Supreme Court held that a cause of action in tort exists under South Carolina law where a retaliatory discharge of an at-will employee constitutes a violation of a clear mandate of public policy, such as "when an employer requires an at-will employee, as a condition of retaining employment, to violate the law." *Id.* at 216. "The public policy exception [to at-will employment] clearly applies in cases where either: (1) the employer requires the employee to violate the law, or (2) the reason for the employee's termination itself is a violation of criminal law" and may extend to other situations. *Barron v. Labor Finders of South Carolina*, 713 S.E.2d 634, 637 (S.C. 2011). "The public policy exception does not, however, extend to situations where the employee has an existing statutory remedy for wrongful termination." *Id.* (citing *Dockins v. Ingles Mkts., Inc.*, 413 S.E.2d 18 (S.C. 1992)). For example, the South Carolina Supreme Court held an employee could not maintain an action for termination in violation of public policy where the employee alleged he was terminated for filing a complaint under the Fair Labor Standards Act because the Fair Labor Standards Act provided a remedy for wrongful discharge. *Dockins,* 413 S.E.2d at 19.

Here, the plaintiff's wrongful termination claim is based on the same alleged facts as her Title VII claims. Thus, she has a statutory remedy, and she is limited to that remedy. *See Heyward v. Monroe*, No. 97–2430, 1998 WL 841494, at *4 (4th Cir. Dec. 7, 1998) ("South Carolina permits an action under the public policy exception when an at-will employee is terminated for refusing to violate the law. It has not been extended to circumstances where there is a statutory remedy for employment discrimination, as in this case."); *Zeigler v. Guidant Corp.*, C.A. No. 07–3448-MBS-RSC, 2008 WL 2001943, at *2 (D.S.C. May 6, 2008) (granting motion to dismiss claim for wrongful termination in violation of public policy because the plaintiff was limited to Title VII's statutory remedy); *Palmer v.*

7

*House of Blues Myrtle Beach Rest. Corp.*, C.A. No. 05–3301-RBH, 2006 WL 2708278, at *3 (D.S.C. Sept. 20, 2006) (same).

The plaintiff argues that, because her damages are capped under Title VII but are not capped under state law her wrongful termination claim should proceed. As discussed above, this reasoning is directly contradicted by decisions from numerous courts holding that in South Carolina, when a statutory remedy is available, a plaintiff is limited to that remedy and may not recover in tort for the same injuries. In this case, the plaintiff's wrongful termination claim is based on the same alleged facts as her Title VII claims. Specifically, in her amended complaint, the plaintiff alleges, "Ultimately, Plaintiff was terminated in retaliation for Plaintiff's complaints to management about discrimination . . . ." (doc. 8, amend. comp. ¶ 20). The plaintiff does not recite any additional facts whatsoever to support her wrongful termination claim (*see id.* ¶¶ 29-33). Instead, the plaintiff incorporates her previous allegations, and then offers a series of legal conclusions to allege that her termination violated public policy (*id.*). Accordingly, the plaintiff's wrongful termination claim is duplicative of her Title VII claims, and the claim should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the defendant's motion to dismiss (doc. 16) should be denied as to the plaintiff's Title VII claims (first and second causes of action) and granted as to the wrongful discharge in violation of public policy claim (third cause of action).

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

January 23, 2015
Greenville, South Carolina

8