# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

| | |
|---|---|
| Karen Menton, ) | Civil Action No. 7:14-cv-02542-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Nestle Prepared Foods Company, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Karen Menton ("Plaintiff") filed this action against Defendant Nestle Prepared Foods Company ("Defendant") alleging claims for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17; wrongful termination in violation of public policy; breach of contract; and intentional infliction of emotional distress. (ECF No. 1-1.)

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's claims for discrimination and retaliation pursuant to Fed. R. Civ. P. 12(b)(1) and her claim for wrongful termination pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 16.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. On January 23, 2015, the Magistrate Judge issued a Report and Recommendation in which he recommended that the court grant Defendant's Motion to Dismiss Plaintiff's wrongful termination claim and deny Defendant's Motion to Dismiss Plaintiff's discrimination and retaliation claims. (ECF No. 24.) Both Plaintiff and Defendant filed objections to the Magistrate Judge's Report and Recommendation. (ECF Nos. 25, 26.) For the reasons set forth below, the court **GRANTS** Defendant's Motion to Dismiss Plaintiff's claim for wrongful termination and **DENIES** Defendant's Motion to Dismiss

Plaintiff's claims for discrimination and retaliation.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

The facts as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation. (See ECF No. 24.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff alleges that she was employed by Defendant from 2000 until her termination on or about March 20, 2013. (See ECF Nos. 8 at 1 ¶ 4, 16-2 at 2.) During her employment with Defendant, Plaintiff allegedly worked in several departments, including the Incoming Goods Department and the Quality Assurance Department. (ECF No. 8 at 1 ¶ 6, 2 ¶ 7, 3 ¶ 18.) Plaintiff alleges that she was only allowed to work in the higher-paying Incoming Goods Department on a rotating basis when male employees were regularly promoted into that department on a full-time basis despite Plaintiff being a more productive and/or more senior employee than those promoted. (Id. at 1 ¶ 6, 2 ¶¶ 7–8.) She further alleges that Defendant only allowed her to work in the Quality Assurance Department as a backup employee and reportedly told her that a full-time position in the department was unavailable due to a hiring freeze. (Id. at 3 ¶¶ 17–19.)

In response to the foregoing, Plaintiff claims that she complained to Defendant about the discriminatory treatment, which complaint resulted in her supervisor being "disrespectful to her" and giving her "a disciplinary warning about her work, when Plaintiff had not caused the problem with the work . . . ." (Id. at 2 ¶¶ 10–12.) Plaintiff further claims that she requested to be moved to another shift due to the tension between herself, her supervisor, and the favored male employees. (Id. at ¶ 14.) Plaintiff alleges that she was told there were no open positions, when

positions were available. (Id. at ¶ 15.) Thereafter, Plaintiff alleges that she was terminated on or about March 20, 2013, in retaliation for her complaints and that after her termination, the hiring freeze was lifted and a full-time Quality Assurance position was filled. (Id. at 3 ¶¶ 20–21; see also ECF No. 16-2 at 2.)

On June 26, 2013, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC") alleging as follows:

> I was involuntarily transferred on or about January 9[,] 2013, from 3rd shift to 2nd shift, by Mr. Trellis Littlejohn, Supervisor. I was later denied a transfer back to 3rd shift. The Males were not subjected to the same treatment.
>
> I was disciplined on or about March 15, 2013. I received a warning for my work that I felt had been tampered with by an employee. On or around February 2013, a co-worker and I were coached by Mr. Littlejohn for internal strife. I filed a complaint with Human Resources. The Males were not subjected to the same treatment.
>
> I was discharged on or about March 20, 2013. The reason given by the Respondent was violating company policy. I filed an appeal on March 25, 2013, but the decision was upheld. I believe I was retaliated against for my complaints to management for discriminatory treatment. I believe this treatment was due to my sex (Female).
>
> Therefore, it is my belief I was discriminated against on the basis of my sex (Female) and in retaliation for my opposition to employment practices declared unlawful by the South Carolina Human Affairs Law, and Title VII of [the] United States Civil Rights Act of 1964, as amended.

(ECF No. 16-2 at 2.) After receiving notice of the right to sue, Plaintiff commenced this action on May 21, 2014, in the Cherokee County (South Carolina) Court of Common Pleas alleging discrimination in violation of Title VII (Count 1), retaliation in violation of Title VII (Count 2), wrongful termination in violation of public policy (Count 3), breach of contract (Count 4), and intentional infliction of emotional distress (Count 5). (ECF No. 1-1 at 7–8.) On June 23, 2014, Defendant removed the matter to this court on the basis of federal question jurisdiction pursuant

3

to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1 at 2 ¶¶ 5–7, 3 ¶ 8.)

On June 27, 2014, Defendant filed a Motion to Dismiss Plaintiff's causes of action in the Complaint for discrimination, retaliation, and wrongful termination. (ECF No. 6.) While the June 27, 2014 Motion to Dismiss was pending, Plaintiff filed an Amended Complaint on July 16, 2014, which filing was permitted by Fed. R. Civ. P. 15(a)(1)(B). (ECF No. 8.) As a result of the Amended Complaint's filing by Plaintiff, the Magistrate Judge issued a Report and Recommendation on July 17, 2014, in which he recommended that the court deny as moot Defendant's Motion to Dismiss Plaintiff's claims in the Complaint for wrongful termination, discrimination, and retaliation.[1] (ECF No. 15.) Thereafter, on August 4, 2014, Defendant filed the instant Motion to Dismiss Plaintiff's causes of action in the Amended Complaint for discrimination, retaliation, and wrongful termination. (ECF No. 16.) Plaintiff filed opposition to Defendant's Motion to Dismiss on August 21, 2014, to which Defendant filed a reply memorandum in support of its Motion to Dismiss on September 2, 2014. (ECF Nos. 18, 19.)

On January 23, 2015, the Magistrate Judge issued the aforementioned Report and Recommendation regarding Defendant's Motion to Dismiss claims in the Amended Complaint. (ECF No. 24.) On February 9, 2015, Defendant filed objections to the Report and Recommendation and Plaintiff responded with her own objections on February 25, 2015. (ECF Nos. 25, 26.)

## II.     LEGAL STANDARD

A.     <u>The Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this court. The recommendation

---

[1] On January 22, 2015, the court accepted the Magistrate Judge's July 17, 2014 recommendation and denied as moot Defendant's Motion to Dismiss Plaintiff's claims in the Complaint for wrongful termination, discrimination, and retaliation. (ECF No. 23.)

has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B.     Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." Pinkley, Inc. v. City of Fredrick, Md., 191 F.3d 394, 399 (4th Cir. 1999). In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citation omitted). "[W]here a party challenges the subject matter jurisdiction of the court on the grounds that the party is an arm of the state entitled to sovereign immunity, the burden of persuasion lies with the party asserting the immunity." Hutto v. S.C. Ret. Sys., 899

5

F. Supp. 2d 457, 466 (D.S.C. 2012) (citing Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 237 (2d Cir. 2006)).

C.     Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

D.     Exhaustion of Administrative Remedies in the Context of Subject Matter Jurisdiction

Prior to pursuing a Title VII claim in federal court, a plaintiff must exhaust her

6

administrative remedies by filing a charge of discrimination with the EEOC. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009)  "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Id.  The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint. King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir. 1976) (stating that a "charge, enlarged only by such EEOC investigation as reasonably proceeds therefrom, fixed the scope of the charging party's subsequent right to institute a civil suit.") (citing EEOC v. Gen. Elec., 532 F.2d 359, 365 (4th Cir. 1976)); see also Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) ("A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit.").  As a result, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (citing King, 538 F.2d at 583).

### III.    ANALYSIS

A.    The Report and Recommendation

Upon his review, the Magistrate Judge recommended that the court not dismiss Plaintiff's discrimination claim based on the failure to promote, because although she failed to use the words "promotion" or "higher-paying," a reasonable investigation of her Charge allegations "would have revealed that her desired third shift position . . . would have come with a pay increase and would have been a promotion . . . ." (ECF No. 24 at 5-6 (citing, e.g., Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005) ("[I]f the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient."); Sydnor v. Fairfax Cnty., Va., 681

7

F.3d 591, 594 (4th Cir. 2012) ("[S]o long as 'a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation,' she 'may advance such claims in her subsequent civil suit.'") (Citation omitted)).) As to Plaintiff's claim that she was retaliated against for complaining about the denial of promotional opportunities, the Magistrate Judge concluded that a reasonable administrative investigation into the Charge allegations would have uncovered Plaintiff's complaints about this allegedly discriminatory conduct as well. (Id. at 6.) However, the Magistrate Judge agreed with Defendant that Plaintiff's wrongful termination in violation of public policy claim should be dismissed because Title VII was Plaintiff's exclusive remedy since her wrongful termination claim was based on the same alleged facts as the Title VII claims. (Id. at 7 (citing, e.g., Barron v. Labor Finders of S.C., 713 S.E.2d 634, 637 (S.C. 2011) ("The public policy exception does not, however, extend to situations where the employee has an existing statutory remedy for wrongful termination.")).)

In accordance with the foregoing, the Magistrate Judge recommended granting Defendant's Motion to Dismiss Plaintiff's wrongful termination claim and denying Defendant's Motion to Dismiss Plaintiff's Title VII causes of action for discrimination and retaliation. (Id. at 8.)

B.  The Parties' Objections

Defendant generally objects to the Magistrate Judge's Report and Recommendation arguing that a reasonable administrative investigation "into the allegations in Plaintiff's Charge would not have led to the discovery of the allegations in her Amended Complaint, and therefore the claims should be dismissed." (ECF No. 25 at 3–4.) In support of this position, Defendant asserts that the only discriminatory conduct alleged in Plaintiff's Charge referred to an involuntary shift transfer that occurred on January 9, 2013. (ECF No. 25 at 6 (referencing ECF

8

No. 16-2 at 2).)  Defendant further asserts that the Charge failed to include any reference to the denial of promotions to the Incoming Goods Department or the Quality Assurance Department alleged in the Amended Complaint.  (Id. at 6–8 (referencing ECF No. 8 at 1 ¶ 6, 3 ¶ 17).)  Therefore, Defendant argues that because Plaintiff has not exhausted administrative remedies as to her discriminatory failure to promote claim, the Magistrate Judge erred in recommending that the court deny Defendant's Motion to Dismiss.

As to Plaintiff's allegations in the Charge that she was terminated in retaliation for "complaints to management for discriminatory treatment," Defendant asserts that the only complaint alleged by Plaintiff "concerned the discriminatory discipline she received in or around February 2013 and on March 15, 2013."  (ECF No. 25 at 8.)  Defendant further asserts that the Amended Complaint in comparison refers to a complaint that "male employees in the Quality Assurance department were promoted over Plaintiff when she had seniority in that department." (Id. (citing ECF No. 8 at 3 ¶ 17).)  Because of the alleged disparity between the allegations in the Charge and the Amended Complaint, Defendant argues that Plaintiff failed to exhaust administrative remedies regarding her retaliation claim because "a reasonable administrative investigation into Plaintiff's Charge would not have uncovered the facts alleged in Plaintiff's Amended Complaint."  (Id. at 9.)  Based on the foregoing, Defendant argues that the Magistrate Judge erred in recommending that the court deny Defendant's Motion to Dismiss Plaintiff's claim for retaliation.

Plaintiff agrees with the Magistrate Judge's recommendation regarding her Title VII claims, but objects to the recommendation of dismissal regarding her wrongful termination claim.  (ECF No. 26 at 3–7.)  Specifically, Plaintiff argues that the wrongful termination claim "should not be dismissed because it provides her a remedy beyond those of Title VII" in that

9

Title VII's damages are capped and, therefore, "do not provide Plaintiff as complete a remedy as the state law tort claim of wrongful termination." (Id. at 6–7.)

C.     The Court's Ruling

In light of the foregoing authorities and the parties' respective positions, the court considers each of the claims relevant to Defendant's Motion to Dismiss in turn below.

*1. Title VII Discrimination*

In the Charge, Plaintiff alleged discrimination based on (1) an involuntary transfer on January 9, 2013, "from 3rd shift to 2nd shift" and a later denial of a transfer back to third shift "while Male employees were not subjected to the same treatment"; and (2) the receipt of discipline on March 15, 2013, through "a warning for my work that I felt had been tampered with by an employee" when male employees were not subjected to the same discipline. (ECF No. 16-2 at 2.) In her Amended Complaint, Plaintiff made allegations regarding Defendant's failure to promote her to "higher-paying full-time positions in Defendant's Incoming Goods Department or "a full-time position i[n] the Quality Assurance [D]epartment, which would have also given Plaintiff a raise . . . ." (ECF No. 8 at 1 ¶ 6, 3 ¶¶ 17–19.) In addition, Plaintiff alleged that "she was denied a full-time third shift position with Defendant based on her gender, because male employees were given such full-time third shift positions." (Id. at 2 ¶ 9.) Upon consideration of the foregoing, the court is persuaded that Plaintiff exhausted her administrative remedies as to the failure to promote claims contained in her Amended Complaint, and thus those claims should not be dismissed. Sydnor v. Fairfax Cnty., Va., 681 F.3d 591, 594 (4th Cir. 2012) ("[T]he exhaustion requirement should not become a tripwire for hapless plaintiffs. While it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns."); Chacko v. Patuxent

Inst., 429 F.3d 505, 509 (4th Cir. 2005) ("[B]ecause lawyers do not typically complete the administrative charges, courts construe them liberally."). In this regard, the court agrees with the Magistrate Judge that a "reasonable investigation of the allegations by SCHAC would have revealed that [Plaintiff's] desired third shift position (as alleged in the [C]harge) would have come with a pay increase and would have been a promotion (as alleged in the [A]mended [C]omplaint)." (ECF No. 24 at 6.)

Therefore, the court overrules Defendant's objection to the Magistrate Judge's recommendation. Accordingly, the court denies Defendant's Motion to Dismiss Plaintiff's claim for discrimination based on the failure to promote Plaintiff.

### 2. *Title VII Retaliation*

In her Charge, Plaintiff specifically asserted that she was discharged in retaliation "for my complaints to management for discriminatory treatment." (ECF No. 16-2 at 2.) In the Amended Complaint, Plaintiff alleged that she was terminated in retaliation for complaining "to the company about supervisors' preferential treatment of male employees." (ECF No. 8 at 3 ¶¶ 26–27.) Upon review, the court is persuaded that Plaintiff's Title VII retaliation claim in the Amended Complaint could be expected to follow from a reasonable administrative investigation of particulars regarding retaliation stated in the Charge. Therefore, the court agrees with the Magistrate Judge that Plaintiff's retaliation claim is exhausted. Accordingly, Defendant's objection to the Magistrate Judge's Report and Recommendation regarding Plaintiff's claim for retaliation is overruled.

### 3. *Wrongful Termination in Violation of Public Policy*

After careful review of the relevant case law, the court concurs in the Magistrate Judge's conclusion that Plaintiff's claim for wrongful termination in violation of public policy is

preempted by Title VII.  See, e.g., Heyward v. Monroe, No. 97-2430, 1998 WL 841494, at *4 (4th Cir. Dec. 7, 1998) ("We also find that [Plaintiff-Appellant] Heyward's public policy claim was appropriately dismissed.  South Carolina permits an action under the public policy exception when an at-will employee is terminated for refusing to violate the law.  It has not been extended to circumstances where there is a statutory remedy for employment discrimination, as in this case."); Amason v. PK Mgmt., LLC, C/A No. 3:10-1752-MJP-JRM, 2011 WL 1100211, at *5 (D.S.C. Mar. 1, 2011) (Plaintiff "may not pursue a claim for wrongful termination in violation of public policy based on an alleged Title VII violation because in South Carolina a 'public policy' claim can only be maintained in the absence of a statutory remedy."); Gleaton v. Monumental Life Ins. Co., 719 F. Supp. 2d 623, 633 (D.S.C. 2010) ("Plaintiff seeks a remedy for wrongful termination under Title VII and . . . [t]herefore, as Plaintiff has a statutory remedy for her termination claim, she may not pursue a separate state law wrongful termination cause of action.") (Citation omitted); Boyd v. O'Neill, 273 F. Supp. 2d 92, 96 (D.D.C. 2003) ("When, as here, the victim of a discriminatory act [does not] allege [ ] a harm apart from discrimination, Title VII . . . preclude[s] her from suing under a common law tort theory to remedy that [same] injury.").  Therefore, Plaintiff's objection to the Magistrate Judge's Report and Recommendation is overruled.  Accordingly, Defendant is entitled to dismissal of Plaintiff's claim for wrongful termination pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.    CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** Defendant's Motion to Dismiss Plaintiff's claim for wrongful termination in violation of public policy pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 16.)  The court **DENIES** Defendant's Motion to Dismiss Plaintiff's claim for discrimination based on the failure to promote her and Plaintiff's claim for

retaliation pursuant to Fed. R. Civ. P. 12(b)(1).  (Id.)  The court **ACCEPTS** the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.  (ECF No. 24.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 10, 2015
Columbia, South Carolina